# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 21, 2013

No. 11-51256
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CHARLES EDWARD JOHNSON,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:07-CR-97-1

Before JOLLY, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Charles Edward Johnson, federal prisoner # 83808-180, requests leave to proceed in forma pauperis (IFP) from the district court's denial of his 18 U.S.C. § 3582(c)(2) motion, which sought a sentence reduction pursuant to the recent amendments to the Sentencing Guidelines that govern crack cocaine offenses. By moving to proceed IFP, Johnson challenges the district court's certification that the appeal was not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-51256

Section 3582(c)(2) permits the discretionary modification of a defendant's sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o)." § 3582(c)(2); *see United States v. Doublin*, 572 F.3d 235, 237 (5th Cir. 2009). The district court's decision whether to reduce a sentence under § 3582(c)(2) is reviewed for an abuse of discretion, while the court's interpretation of the Guidelines is reviewed de novo. *United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011).

Johnson's argument that the district court engaged in impermissible "double counting" by considering factors that it had considered at his initial sentencing hearing and which were considered by the Sentencing Commission in reducing the guidelines range is unavailing because the district court must "consider any applicable [18 U.S.C.] § 3553(a) factors and determine whether, in its discretion," any reduction is warranted under the particular facts of the case. *Dillon v. United States,* 130 S. Ct. 2683, 2692 (2010). To the extent that Johnson relies on the law of the case doctrine, "[t]he law of the case doctrine posits that ordinarily an issue of fact or law decided on appeal may not be reexamined either by the district court on remand or by the appellate court on subsequent appeal." *United States v. Lee*, 358 F.3d 315, 320 (5th Cir. 2004) (internal quotation marks and citation omitted). Because Johnson has not identified any issue of fact or law decided by this court on appeal and reexamined by the district court on remand, his law-of-the-case argument also is unavailing.

Because the district court considered Johnson's motion and applied the § 3553(a) factors in its determination that a sentence reduction was not warranted, Johnson has not demonstrated that he will present a nonfrivolous issue with respect to the district court's denial of his § 3582(c)(2) motion. *See Dillon,* 130 S. Ct. at 2691-92; *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).

No. 11-51256

His request for leave to proceed IFP on appeal is DENIED and the appeal is DISMISSED.  *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.